IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICKY TEJADA                               :                CIVIL ACTION

     v.                                           :

WILLIAM E. FORD, et al.                    :                NO. 15-328

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                     November 10, 2015
United States Magistrate Judge

       Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at the State Correctional Institution

located in Albion, Pennsylvania.  For the reasons stated below, the court recommends that the

petition be dismissed as barred by the one-year statute of limitations.

## I.     BACKGROUND

       On August 15, 2001, a jury sitting in the Court of Common Pleas for Lehigh

County, Pennsylvania, found petitioner guilty of attempted homicide, aggravated assault, simple

assault and recklessly endangering another person.  (CP-39-CR-0000570-2001.)  On October 15,

2001, the trial court sentenced petitioner to an aggregate term of twenty to forty years

incarceration.  On October 9, 2003, the Superior Court of Pennsylvania affirmed the sentence.

Commonwealth v. Tejada, No. 321 EDA 2002 (Pa. Super. Ct. Oct. 9, 2003).  Petitioner did not

file a petition for allowance of appeal.

       On November 5, 2004, petitioner filed a pro se motion for relief pursuant to

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq..

The PCRA court-appointed counsel filed an amended petition on February 11, 2005.  After a

hearing, the PCRA court denied the petition on June 28, 2006.  On July 28, 2006, petitioner

appealed to the Superior Court.  On June 1, 2007, the Pennsylvania Superior Court affirmed.
Commonwealth v. Tejada, 929 A.2d 248 (Pa. Super. Ct. 2007) (Table).  On September 19, 2007,
the Supreme Court of Pennsylvania denied petitioner's request for allowance of appeal.
Commonwealth v. Tejada, 932 A.2d 76 (Pa. 2007) (Table).

On January 31, 2008, petitioner filed a pro se "Affidavit of Discharge Commercial
Criminal Charges Because of Fruits of Poisonous Tree Doctrine, Fraud, and Lack of Subject
Matter Jurisdiction Filed With the Clerk of Courts - Criminal Division."  The state court
considered this to be a second PCRA petition and dismissed it as untimely on March 13, 2008.  It
does not appear that petitioner appealed this order.

On December 15, 2010, petitioner filed a petition for a writ of error *coram nobis*,
which the state court construed to be a third PCRA petition.  On January 12, 2011, the state court
dismissed this petition as untimely.  Petitioner filed an appeal with the Pennsylvania Superior
Court (No. 904 EDA 2011), but on August 19, 2011 withdrew the appeal.  On October 17, 2011,
the Superior Court granted petitioner's Motion to Reinstate the Appeal.  On July 10, 2012, the
Superior Court quashed the appeal.  Commonwealth v. Tejada, 55 A.3d 128 (Pa. Super. Ct.
2012) (Table).  On April 9, 2013, the Pennsylvania Supreme Court denied petitioner's request for
review.  Commonwealth v. Tejada, 64 A.3d 632 (2013) (Table).

On May 7, 2013, petitioner filed his fourth PCRA petition.  On December 18,
2013, the PCRA court dismissed the petition as untimely.  Petitioner appealed to the
Pennsylvania Superior Court (No. 332 EDA 2014).  On December 22, 2014, the Pennsylvania
Superior Court affirmed the dismissal of the petition.  Commonwealth v. Tejada, 116 A.3d 695

(Pa. Super. Ct. 2014) (Table).  Petitioner did not request review by the Pennsylvania Supreme Court.

On January 20, 2015, petitioner filed his petition for a writ of habeas corpus in this court (Doc. No. 1).  The petition was executed on January 15, 2015.  Petitioner later filed a petition using the proper form (Doc. No. 6).  He raised three grounds for relief: (1) proceeding in a tribunal without jurisdiction; (2) illegal sentence; and (3) fatal variance.  (Petition ¶ 12.)  The District Attorney for Lehigh County filed a response on October 23, 2015, arguing that the petition is untimely and should be dismissed (Doc. No. 25).  On November 6, 2015, petitioner filed an "Objection to the Response" (Doc. No. 26).

## II.   DISCUSSION

### A.   Timeliness of the Petition

A habeas petition must be filed in a timely manner.  Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For the purposes of Section 2244(d)(1)(A)[1], petitioner's conviction became final on November 8, 2003, when the time for seeking review in the Supreme Court of Pennsylvania expired.  See Pa. R. App. P. 1113 (petition for allowance of appeal shall be filed "within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed").  The AEDPA statute of limitations expired one year later on November 7, 2004.  The instant petition was executed on January 15, 2015, more than ten years after the AEDPA statute of limitations expired.[2]  The instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

---

[1]     None of the alternate start dates allowed in § 2244(d)(1)(B)-(D) are applicable in the instant case.  To the extent petitioner seeks to invoke § 2244(d)(1)(C) to argue that the start date for claim number two should begin when the Supreme Court decided Alleyne v. United States, 133 S.Ct. 2151 (2013), see Petition ¶ 18, this argument is misplaced since Alleyne was not made retroactive to cases on collateral review.  See United States v. Reyes, 755 F.3d 210, 211 (3d Cir. 2014).

[2]     In accordance with the "mailbox rule," which applies to all habeas petitions filed by pro se inmates, the court has used the date the petition was executed, January 15, 2015, not the date the petition was filed, as the date for calculating the timeliness of the habeas petition.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").

4

### 1.      Statutory Tolling

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed petition for collateral relief.  See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations).  Petitioner filed his first PCRA petition in the state court on November 5, 2004, two days before the AEDPA statute of limitations expired. The PCRA proceedings ended on September 19, 2007, when the Supreme Court of Pennsylvania denied petitioner's request for allowance of appeal.  At that point, petitioner had two days, or until September 21, 2007, to file his federal habeas petition.  Petitioner did not file his federal petition until January 15, 2015, over seven years later.  The subsequent three PCRA petitions filed by petitioner did not toll the statute limitations because they all were untimely under state law.  See Pace v. Diguglielmo, 125 S.Ct. 1807, 1812 (2005) (an untimely PCRA petition does not toll the statute of limitations).  Furthermore, these PCRA petitions were filed after the AEDPA statute of limitations had expired and do not toll an expired statute of limitations.  See Long v. Wilson, 393 F.3d 390, 394 (3d Cir. 2004); Leafey v. Kerestes, 2014 WL 5823067, at *5 (E.D. Pa. Nov. 7, 2014) (PCRA petition filed after AEDPA statute of limitations expired cannot toll the already expired statute of limitations).

### 2.      Equitable Tolling

Because petitioner argues that the AEDPA statute of limitations should be equitably tolled in his habeas case, the court will consider whether the principles of equitable tolling apply in this case.  See Petition ¶ 18.  The Supreme Court of the United States has held that the federal habeas statute of limitations is subject to equitable tolling.  Holland v. Florida,

560 U.S. 631, 647-49 (2010).  Equitable tolling is allowed only if petitioner shows: "'(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way' and prevented timely filing."  Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418

(2005)).  "The diligence required for equitable tolling purposes is 'reasonable diligence.'"  Id. at

653.  The Supreme Court reaffirmed that "the circumstances of a case must be 'extraordinary'

before equitable tolling can be applied."  Id. at 652.  "The principles of equitable tolling thus do

not extend to 'garden variety claims of excusable neglect.'"  Santos ex rel Beato v. United States,

559 F.3d 189, 197 (3d Cir. 2009) (quotation omitted).

   Courts in the Third Circuit addressing habeas petitions have concluded that

equitable tolling may be found when: (1) the state has actively misled the petitioner; (2) the

petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the

petitioner has timely asserted his rights but in a wrong forum.  Urcinoli v. Cathel, 546 F.3d 269,

272 (3d Cir. 2008); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  The Third Circuit

emphasized that equitable tolling should be applied sparingly.  See LaCava v. Kyler, 398 F.3d

271, 275 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004), cert. denied, 544

U.S. 1037 (2005).  Petitioner has not alleged that the Commonwealth of Pennsylvania misled

him regarding the required date to file his federal habeas corpus petition or that he timely

asserted his rights, but in a wrong forum.  Petitioner has not shown that he has "in some

extraordinary way" been prevented from asserting his rights.

   Petitioner asserts he did not know of his three grounds for relief until he filed his

fourth PCRA petition in 2013 (Petition ¶ 18).  It is true that petitioner raised these three grounds

for relief in his fourth PCRA petition.  See Commonwealth v. Tejada, No. 332 EDA (2014) slip

op. at 2-3 (Pa. Super. Ct. Dec. 22, 2014).  However, petitioner has not shown why he was unable

to raise these issues in a timely filed federal habeas petition other than tersely and vaguely

claiming that in 2013 the Department of Corrections "finally returned property" and counsel

"abandoned" him (Petition ¶ 18; Pet'r's Objection to Resp. at 3-6).  A habeas petitioner "bears

the burden" of proving entitlement to equitable tolling.  Ross v. Varano, 712 F.3d 784, 798 (3d

Cir. 2013) (quoting Pace, 544 U.S. at 418)).  Petitioner cannot meet this burden with vague, non-

specific allegations.  See Lugo v. Sec'y Florida Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir.

2014) ("[V]ague allegations about the existence of impediments, without more, or an argument

that fails to explain how such impediments prevented the timely filing of the petition, does not

establish extraordinary circumstances.  Nor are they sufficient to warrant an evidentiary

hearing."), cert. denied, 135 S.Ct. 117 (2015).

        To meet his burden, the petitioner must specifically show that he exercised

reasonable diligence in investigating and bringing the claims.  "Mere excusable neglect is not

sufficient."  Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).

"Garden variety" claims of attorney negligence, without more, do not justify equitable tolling.

Holland, 560 U.S. at 653.  Our Court of Appeals in Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert.

denied, 534 U.S. 944 (2001), held that "[i]n non-capital cases, attorney error, miscalculation,

inadequate research, or other mistakes have not been found to rise to the 'extraordinary'

circumstances required for equitable tolling."  Id. at 244.  "The fact that a petitioner is proceeding

pro se does not insulate him for the 'reasonable diligence' inquiry and his lack of legal

knowledge or legal training does not alone justify equitable tolling."  Ross, 712 F.3d at 799-800.

In Holland, the Supreme Court held that abandonment by a petitioner's attorney amounted to

extraordinary circumstances necessitating equitable tolling.  Holland, 560 U.S. at 651-53.  An example of attorney abandonment would be when an attorney failed to communicate with the client over a period of years, despite various pleas by the petitioner to respond to his letters.  Id. See also Maples v. Thomas, 132 S. Ct. 912, 922-23 (2012) (noting that attorney abandonment occurs when an "attorney abandons his client without notice," severs the principal-agent relationship and "no longer acts, or fails to act, as the client's representative").  However, the Supreme Court differentiated between attorney abandonment and attorney negligence, such as a simple miscalculation that leads a lawyer to miss a deadline.  Holland, 560 U.S. at 652.  See also Maples, 132 S. Ct. at 923 (addressing the "essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client").

Here, in the case at bar, petitioner has not alleged facts that amount to attorney abandonment.  Petitioner has not alleged that his attorney deceived him, persistently neglected his case, or ignored his calls or letters.  At best, petitioner alleges that his attorney was negligent for not raising certain issues in a timely manner.  See Pet'r's Objection to Resp. at 2 (petitioner claims that counsel abandoned him by not raising "actual innocence claim").  This is a pure negligence claim that alone does not constitute grounds for equitable tolling.  See Holland, 560 U.S. at 655 (Alito, J., concurring) ("[A]ttorney negligence is not an extraordinary circumstances warranting equitable tolling.").

Petitioner had until September 21, 2007 to file a timely habeas petition in federal court.  Instead, he waited more than seven years after the first PCRA proceeding concluded before he filed his habeas petition in this court.  Petitioner has not met his burden of showing reasonable diligence or that extraordinary circumstances prevented him from filing a timely

federal habeas petition.  See Pace, 544 U.S. at 419 (petitioner's delay of five months was a "lack of diligence" that precludes equitable tolling).

### 3.    Actual Innocence

In his Motion for Appointment of Counsel (Doc. No. 14) and his Objection to Response, petitioner asserts that he is actually innocent of the crimes of which he was convicted. This court assumes this pro se petitioner is asserting actual innocence as a ground for equitable tolling.  See McQuiggen v. Perkins, 133 S.Ct. 1924 (2013) (holding that a showing of actual innocence can be an exception to the AEDPA statute of limitations).  In order to establish a claim of actual innocence as a basis for equitable tolling, petitioner generally must offer "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  McQuiggen, 133 S.Ct. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)).  The Supreme Court has affirmed that this standard "is demanding and permits review only in the extraordinary case."  House v. Bell, 547 U.S. 518, 538 (2006) (quotation omitted).  See also Sweger v. Chesney, 294 F.3d 506, 523-24 (3d Cir. 2002) (describing the burden a petitioner must meet to establish actual innocence as "extremely high"), cert. denied, 538 U.S. 1002 (2003).

Petitioner has failed to meet this extremely high standard.  Petitioner does not offer "new reliable evidence."  The court also notes that the evidence presented at trial supported petitioner's convictions.  The evidence included the testimony of the victim who was shot by petitioner.  Commonwealth v. Tejada, No. 324 EDA 2002, slip op. at 2-3 (Pa. Super. Ct. Oct. 9, 2003).  For all these reasons, the principles of equitable tolling do not toll the AEDPA statute of limitations with respect to the instant habeas petition.

**B.      Motion for a Hearing on the Pending Petition for a Writ of Habeas Corpus**

Petitioner requests a hearing on the pending petition for a writ of habeas corpus

(Doc. No. 5).  Section 2254(e)(2) provides as follows:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A)      the claim relies on –
>
>> (i)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii)      a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)      The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Section 2254(e)(2) provides that a court shall not hold an evidentiary hearing on

claims for which petitioner failed to develop the factual basis in state court, unless petitioner

establishes any of the above very narrow circumstances.  Here, petitioner has not argued or

established that any of these narrow circumstances exist.  Nor has petitioner established that but

for the constitutional error, no reasonable factfinder would have found petitioner guilty of the

underlying offenses.

If the request for an evidentiary hearing is not barred by Section 2254(e)(2), the

district court has discretion to grant the request.  The Third Circuit Court of Appeals confirmed

that the decision to grant an evidentiary hearing is "left to the sound discretion of district courts."

Goldblum v. Klem, 510 F.3d 204, 221 (3d Cir. 2007) (quoting Schriro v. Landrigan, 550 U.S.

465, 473 (2007)), cert. denied, 555 U.S. 850 (2008).  In using its discretion, the court should

consider whether such a hearing would enable the petitioner to prove the petition's factual

allegations, which, if true, would entitle the petitioner to relief.  Schriro, 550 U.S. at 474.  If the

record refutes the petitioner's factual allegation or otherwise precludes habeas relief, a district

court is not required to hold an evidentiary hearing.  Id.  The Supreme Court has made clear that

an evidentiary hearing is not required on issues that can be resolved by reference to the state

court record.  Schriro, 550 U.S. at 474-75 (citing cases).

   Here, the court finds that an evidentiary hearing would not advance petitioner's

claims.  The court finds an evidentiary hearing is not necessary because the petition is barred by

the statute of limitations and there is no basis for tolling.  Petitioner identifies no potential facts

which an evidentiary hearing is likely to unearth regarding the critical issue of the timeliness of

the habeas petition.  No additional, relevant information would be gained from an evidentiary

hearing under Section 2254(e)(2) that cannot be obtained from the state court record.  For all

these reasons, petitioner's request for an evidentiary hearing should be denied.

### C. Motion for Appointment of Counsel

   Petitioner also requests the court appoint counsel to represent him in this habeas

litigation (Doc. No. 14).  There is no constitutional right to counsel in a federal habeas corpus

proceeding.  See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988

(1992), superseded on other grounds by statute, 28 U.S.C. § 2254(b).  Appointment of counsel in

a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing

is required, and the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A.  See

Rule 8(c) of the Rules Governing Section 2254.  However, as determined above, an evidentiary

hearing is not necessary because the petition is barred by the statute of limitations and there is no

basis for tolling.  Thus, petitioner is not entitled to a mandatory appointment of counsel.

Otherwise, a court may exercise its discretion in appointing counsel to represent a

habeas petitioner, who is "financially eligible" under the statute, if the court "determines that the

interests of justice so require."  18 U.S.C. § 3006A(a)(2); Reese, 946 F.2d at 263-64.  Under

these guidelines, counsel may be appointed where a pro se petitioner in a habeas action has made

a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.

Id.  Factors to consider include whether the claims raised are frivolous, the complexity of the

factual and legal issues, and if appointment of counsel will benefit the petitioner and the court.

See, e.g., Reese, 946 F.2d at 263-64.

Here, the petition is untimely and should be dismissed.  Counsel will provide no

benefit to petitioner or the court, and the interests of justice do not require appointment of

counsel.  Petitioner's request for appointment of counsel should be denied.

## D.   Motion to Produce Documents

The court also recommends that petitioner's Motion to Produce Documents (Doc.

No. 4) be denied.  The court finds that the requested documents would not be material to the

dispositive issue of the statute of limitations.

## III.   CONCLUSION

Accordingly, the court makes the following:

## R E C O M M E N D A T I O N

**AND NOW**, this 10th day of November, 2015, the court respectfully recommends

that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of

limitations, that the related motions be denied, and that <u>no</u> certificate of appealability ("COA")
be granted.[3]

The parties may file objections to the Report and Recommendation.  <u>See</u> Loc.
R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


/s/ Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge

---

[3]     The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).